UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE Y MOY,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 23-cv-03151-PCP<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

In this lawsuit filed in June 2023, plaintiff Michelle Moy seeks a refund of 2008 federal income tax payments that she alleges were overpaid due to the IRS's omission of a foreign tax credit. On August 1, 2018, the IRS rejected her April 2018 tax refund claim as time-barred, and subsequently rejected her administrative appeal of that decision. The United States now moves to dismiss Ms. Moy's lawsuit, contending that because her lawsuit was not filed within two years of the August 1, 2018 denial of her claim, the United States has not waived its sovereign immunity with respect to her refund claim. For the following reasons, the Court agrees.

## BACKGROUND

In May 2011, Ms. Moy was assessed $32,507.30 by the IRS because she failed to timely file tax returns for the 2008 tax year. Ms. Moy alleges, however, that she paid $20,447 in foreign taxes to the United Kingdom in that tax year, and that the 2008 tax assessment failed to incorporate a foreign tax credit for that payment. Ms. Moy filed a tax refund claim with the IRS in April 2018 but it was denied as time-barred on August 1, 2018. Ms. Moy thereafter filed a protest letter with the IRS Appeals Office in November 2019. The Appeals Office responded three times (in December 2019, February 2020, and March 2020), stating each time that it was looking into the matter and would respond within 60 days. Finally, in January 2021, the Appeals Office

affirmed the decision below and dismissed her appeal, holding that dismissal was required because Ms. Moy had failed to file a lawsuit with a U.S. District Court or the U.S. Court of Federal Claims within two years of the August 1, 2018 denial. Dkt. No. 1, at 58 (citing 26 U.S.C. § 6514).

On June 27, 2023, Ms. Moy filed this lawsuit against the United States under 26 U.S.C. § 7422. The United States subsequently moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), contending that because Ms. Moy's June 2023 complaint was not filed within the two-year statute of limitations for tax refund suits established by 26 U.S.C. § 6532(a)(1), the United States maintains sovereign immunity from her suit. The United States argues that equitable tolling cannot apply to Ms. Moy's claim because 26 U.S.C. § 6532(a) is jurisdictional and not subject to such tolling.

**LEGAL STANDARDS**

"Although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit." *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). A Rule 12(b)(1) motion "can either be facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). A factual attack can challenge "the substance of a complaint's … allegations despite their formal sufficiency, and in doing so rely on affidavits or any other evidence properly brought before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

**ANALYSIS**

The Internal Revenue Code provides that "[n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun … after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates." 26 U.S.C. § 6532(a)(1). The Code provides that this two-year statute of limitations for filing suit in federal court "shall be extended for such period as may be agreed upon in writing between the taxpayer and the Secretary." 26 U.S.C. § 6532(a)(2). It also provides that "[a]ny consideration, reconsideration, or action by the Secretary with respect to such claim

1 following the mailing of a notice by certified mail or registered mail of disallowance shall not

2 operate to extend the period within which suit may be begun." 26 U.S.C. § 6532(a)(4).

3       The parties agree that Ms. Moy's 2023 complaint was filed more than two years after the

4 August 2018 denial of her tax refund claim by the IRS. Accordingly, to avoid dismissal, Ms. Moy

5 must establish some basis for tolling the two-year statute of limitations in 26 U.S.C. § 6532(a).

6 Ms. Moy contends that the three letters from the Appeals Office in December 2019, February

7 2020, and March 2020, each of which stated that the Office would respond to her claim within 60

8 days, amounted to "stalling tactics" by the United States. Dkt. No. 1, at 4. Ms. Moy argues that she

9 was justifiably misled to delay the filing of her complaint in federal court and that the United

10 States should not be allowed to benefit from its purported misconduct. Dkt. No. 17, at 6.

11       The parties devote the bulk of their arguments to the question of whether Section 6532(a)

12 is a claims-processing provision presumably subject to equitable tolling, *see, e.g.*, *Volpicelli v.*

13 *United States*, 777 F.3d 1042 (9th Cir. 2015) (holding that Section 6532(c), which governs tax

14 refund suits by persons other than taxpayers, is subject to equitable tolling); *see also Irwin v.*

15 *Department of Veterans Affairs*, 498 U.S. 89, 95–96 (1990) (holding that the "rebuttable

16 presumption of equitable tolling applicable to suits against private defendants should also apply to

17 suits against the United States"); or whether it is a jurisdictional provision not subject to tolling,

18 *see, e.g.*, *United States v. Brockamp*, 519 U.S. 347, 350 (1997) (holding that the deadline for

19 filing a tax refund claim with the IRS is not subject to equitable tolling); *see also Sebelius v.*

20 *Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 154 (2013) (holding that *Irwin*'s rebuttable presumption

21 does not apply to "jurisdictional" deadlines). The Court need not resolve that question, however,

22 because even if equitable tolling of the statute of limitations set forth in Section 6532(a) is

23 potentially available, Congress has specified that it is *not* available under the circumstances at

24 issue here. *See Irwin*, 498 U.S. at 96 (noting that Congress may render equitable tolling

25 unavailable if it so chooses).

26       Ms. Moy premises her argument for equitable tolling entirely on the letters she received

27 from the IRS in December 2019, February 2020, and March 2020, but Section 6532(a)(4)

28 expressly states that any "consideration, reconsideration, or action" by the IRS after the denial of a

3

tax refund claim "shall not operate to extend the period within which suit may be begun." The three letters Ms. Moy received from the Appeals Office all involve the IRS's "consideration" or "reconsideration" of her claim after its August 2018 denial and therefore, by statute, they cannot provide any basis to "extend the period within which" Ms. Moy was required to file suit.

Because Ms. Moy did not file a timely lawsuit and Congress has prohibited courts from extending Section 6532(a)'s filing deadline for the reasons offered by Ms. Moy, she has not satisfied the conditions Congress placed upon its waiver of the United States's sovereign immunity with respect to tax refund claims. The United States thus maintains its sovereign immunity from her suit and is entitled to its dismissal pursuant to Rule 12(b)(1).

## CONCLUSION

For the foregoing reasons, the Court grants the United States's Rule 12(b)(1) motion to dismiss and orders the Clerk to close the file.

**IT IS SO ORDERED.**

Dated: May 21, 2024

P. Casey Pitts
United States District Judge